UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-1129 RAO                                     Date:   April 28, 2020
Title:       Reyna A. Ruiz v. Walmart Inc.


Present:         The Honorable   **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**         (In Chambers) **MINUTE ORDER DENYING MOTON TO REMAND
ACTION TO STATE COURT [12]**


Plaintiff Reyna A. Ruiz's motion to remand ("Motion"), originally set for telephonic hearing April 7, 2020, was taken under submission in light of the activation of the Central District of California's Continuity of Operations Plan.  Both parties have consented to proceed before the undersigned magistrate judge for all further proceedings.  Dkt. Nos. 8-9.  The Court finds the matter suitable for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.

For the reasons set forth below, Plaintiff's Motion is DENIED.


## I.   BACKGROUND

### A.      Procedural History

On February 4, 2020, Defendant Walmart, Inc. ("Walmart") filed a notice of removal of case number 19STCV23162 brought against it by Plaintiff Reyna A. Ruiz ("Ruiz") from the Superior Court of the State of California, County of Los Angeles to the United States District Court, Central District of California.  Dkt. No. 1.

In support of its removal notice, Walmart attached a copy of the complaint filed in Superior Court, marked as Exhibit A; the summons it was served, marked as Exhibit B; the service of process for that summons, marked as Exhibit C; the answer it filed in response to Ruiz's complaint, marked as Exhibit D; the state court form interrogatories it sent to Ruiz and her responses, marked as Exhibit E; its requests for admission ("RFAs") propounded to Ruiz and her responses, marked as Exhibit F; its corporate information from the California Secretary of State and the Arkansas Secretary of Business/Commercial Services, marked as Exhibits G and H,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-1129 RAO                                    Date:   April 28, 2020
Title:      Reyna A. Ruiz v. Walmart Inc.

respectively; the Register of Actions in this matter procured from the state court's website, marked as Exhibit I; and a Declaration of Rebecca Herman, its attorney, in support of its notice of removal.  Dkt. Nos. 1-1 to 1-10.

On March 5, 2020, Ruiz filed a Motion to Remand the case to state court ("Motion"), supported by a Memorandum of Points and Authorities; declarations of Ruiz and her attorney, Alyson T. Marchiondo; a photocopy of Ruiz's California Identification Card, marked as Exhibit A; and a copy of a Walmart "Customer Incident Report" form filled out by Ruiz on December 17, 2017, marked as Exhibit B.  Dkt. Nos. 12, 12-1, 12-2.

Walmart filed a Memorandum of Points and Authorities in support of its Opposition to Ruiz's Motion on March 17, 2020.  Dkt. No. 14.  Attached to, and in support of, Walmart's Opposition is a declaration of its attorney, Rebecca Herman; the state court form interrogatories it sent to Ruiz and her responses, marked as Exhibit A; and its RFAs propounded to Ruiz and her responses, marked as Exhibit B.  Dkt. Nos. 14-1, 14-2, 14-3.  Ruiz has not filed a reply.

### B.      Factual Background

Ruiz's personal injury claim arises from her slip and fall at Walmart's Panorama City store on December 17, 2017.  Dkt. No. 12-2, Ruiz Decl. ¶ 2.  When she fell, she was assisted by store employees, one of whom made a copy of her California Identification Card.  *Id.* ¶¶ 2-3.  She also filled out a "Customer Incident Report" form provided by Walmart's employees, indicating her "mailing address," but leaving the section to provide her "physical address" blank. *Id.* ¶ 5 & Exh. B.  Ruiz filed a personal injury complaint against Walmart on July 2, 2019.  Dkt. No. 1-1, Compl.

## II.     **DISCUSSION**

### A.      **Legal Standard**

The district court has original jurisdiction in civil actions where the amount in controversy is greater than $75,000, and the parties are citizens of different states.  28 U.S.C.A. § 1332(a) (West 2020).  A corporation is a citizen of both the state of its incorporation and its principal place of business.  *Id.* § 1332(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 20-1129 RAO                                   Date:   April 28, 2020
Title:      Reyna A. Ruiz v. Walmart Inc.


A defendant may remove a civil action brought in state court to a federal district court when the district court holds original jurisdiction. *Id.* § 1441(a).  When the original jurisdiction of the district court is based upon diversity of citizenship, a notice of removal may be filed by a defendant within thirty days from receiving either the initial pleading setting forth the claim or, if the case stated by the initial pleading is not removable, "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(1); § 1446(b)(3) (emphasis added).  "Other paper" includes both "the record of the [s]tate proceeding" and "responses to discovery." *Id.* § 1446(c)(3)(A).

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  The *Harris* court's opinion was in reference to a scenario where "it is unclear from the [face of the] complaint whether the case is removable, i.e., the citizenship of the parties is unstated or ambiguous." *Id.* at 693 (noting "it is not uncommon for a state court pleading to omit the necessary facts needed to determine diversity").  The *Harris* opinion rejects the notion that "the first thirty-day period should apply where the initial pleading provides a 'clue' as to removability." *Id.* at 696.

    **B.**    **Analysis**

       1.  The Court has original jurisdiction over this case because the parties are diverse, and the amount in controversy exceeds $75,000.

Walmart has provided official state records showing it is a citizen of its principal place of business, Arkansas, and a citizen of the state of its incorporation, Delaware.  Dkt. Nos. 1-7, 1-8.  Ruiz's state court complaint identifies Walmart as a Delaware corporation.  Dkt. No. 1-1.

Ruiz states she is a citizen of California in response to one of Walmart's RFAs.  Dkt. 1-6, Exh. F, Def.'s  RFA No. 45 ("Admit YOU are a citizen of California."); *Id.*, Pl.'s Resp. RFA. No. 45 ("Admit").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-1129 RAO                                    Date:    April 28, 2020
Title:       Reyna A. Ruiz v. Walmart Inc.

The amount in controversy Ruiz seeks to recover from Walmart totals, at minimum, $298,2293.94, the charges to date from health care providers for injuries she attributes to the incident, plus $54,000, her lost wages as of the date of her response.  Dkt. No. 1-5, Exh. E, Resp. Form Interrogatory Nos. 6.4, 8.7; *accord* 28 U.S.C.A. § 1332(a) (West 2020).

Here, Ruiz is a citizen of California, Walmart is a citizen of both Delaware and Arkansas, and the amount in controversy exceeds $75,000.  Therefore, the federal court has original jurisdiction in this action.  *See* 28 U.S.C.A. § 1332(a) (West 2020).  Ruiz does not dispute that the Court has original jurisdiction.  Where the parties disagree is whether Walmart's Notice of Removal is timely.

    2.  Walmart's notice of removal is timely.

Ruiz claims that "Defendant failed to remove the action within the requisite thirty (30) days as required by 28 U.S.C. § 1447(c), despite having clear, unequivocal information of both Ruiz's domicile and the amount in controversy."  Mot. at 1.  The thirty days described in 28 U.S.C. § 1447(c) is the time period within which a plaintiff must file a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction."  28 U.S.C.A. § 1447(c) (West 2020).  The thirty day period for a defendant to remove an action from a state court is described in section 1446 of the United States Code.  *Id.* § 1446.  Ultimately, whether the Court grants or denies Ruiz's motion to remand turns on when the thirty day period described by 28 U.S.C. § 1446(b)(3) was triggered.

Because "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings," the face of Ruiz's "pleading, motion, order or other paper*"* must provide notice of the amount in controversy and her citizenship to trigger the thirty-day clock.  *Harris*, 425 F.3d at 694; 28 U.S.C.A. § 1446(b)(3) (West 2020).  Here, the case was not removable based on the "four corners" of Ruiz's complaint.  Rather, Ruiz's discovery responses, served on January 6, 2020, is the "other paper" that triggered the thirty-day clock.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:   CV 20-1129 RAO                                   Date:   April 28, 2020
Title:      Reyna A. Ruiz v. Walmart Inc.


           a) *The case was not removable based on Ruiz's original state court complaint*
              *against Walmart.*


       Under California Civil Procedure Code ("Cal. Code") section 425.10(b), Ruiz was precluded from stating the amount of damages she seeks to recover. *See* Cal. Civ. Proc. Code § 425.10(b) ("where an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be stated"). Her state court complaint against Walmart does not state the amount of damages she seeks to recover. *See* Dkt. No. 1-1, Compl. Furthermore, neither Ruiz's citizenship nor residence are pled on the face of the complaint. *See id.*


       Ruiz's Motion focuses on her belief that Walmart was on notice that she was a citizen of California from the date of the incident because she provided both a copy of her California Identification Card and noted her address on Walmart's "Customer Incident Report." Mot. at 3; *See* Ruiz Decl. ¶¶ 3, 4. She believes this information in and of itself provided a basis for diversity jurisdiction for which Walmart would be able to remove. Mot. at 3-4.


       Whether her California citizenship was substantiated by her California Identification Card or Walmart's "Customer Incident Report" is moot because, under *Harris*, diversity—or more finely, Ruiz's citizenship—must be established on the face of her pleadings. *See* 425 F.3d at 694. Both documents provide the sort of "clues" that the *Harris* opinion firmly rejects as both a basis for notice of diversity and "a duty to investigate further." *See Harris,* 425 F.3d at 695-96. Additionally, the documents Ruiz provided on the date of the incident cannot qualify as "other paper" under § 1446(b)(3) because "'other paper' does not embrace 'any document received prior to receipt of the initial pleading.'" *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010)).


       Ruiz asserts that under *Banta*, Walmart is barred from removing the case to federal court after thirty days from receiving her complaint because it "had unequivocal evidence that Plaintiff was a resident of California at the time of the incident through today." Mot. at 5 (citing *Banta v. Am. Med. Response Inc.*, 2011 WL 2837642 (C.D. Cal. July 15, 2011)). *Banta* addresses "the interplay between the first and second paragraphs of 28 U.S.C. § 1446(b) in respect to allegations relating to the *amount in controversy*," and the court found that "where a defendant in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   CV 20-1129 RAO                          Date:    April 28, 2020
Title:        Reyna A. Ruiz v. Walmart Inc.

exercise of diligence could readily ascertain, on the basis of information within its (often sole) possession, that the amount in controversy exceeds the jurisdictional minimum, it must remove the action to federal court upon receipt of the complaint even though the complaint may be indefinite on its face as to the *amount in controversy*." *Banta*, 2011 WL 2837642 at \*1-2 (emphases added). *Banta* does not abrogate *Harris'* requirement that the parties' diversity must be established on the face of the pleadings in order to trigger the thirty-day clock, but instead focuses on the scenario in which an employer is aware of the amount in controversy sought by employees despite its omission from a complaint. *Id.* at \*7 ("even after *Harris*, a defendant may be required to remove within 30 days of receipt of the complaint where the allegations of the initial pleading make it evident that the amount in controversy meets the jurisdictional requirement"). The Court is not persuaded that *Banta* is applicable here.

The Motion also raises that Ruiz filed this action in California State Court and raised no objections to being deposed in Los Angeles. Mot. at 1-2. Neither of these facts would establish Ruiz's California citizenship, and therefore neither functions as notice of removability based upon diversity.

On the face of Ruiz's state court complaint, neither her citizenship nor the amount in controversy are established. *See* Dkt. No. 1-1, Compl. Accordingly, Walmart's receipt of the complaint did not start the thirty-day clock to remove the case to federal court.

> b)  *The thirty-day clock was triggered upon Walmart's receipt of Ruiz's discovery responses.*

The thirty-day clock for removal was triggered upon Walmart's "*receipt . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable.*" *See* 28 U.S.C.A. § 1446(b)(3) (West 2020) (emphasis added). Ruiz's responses to form interrogatories number 6.4, describing the charges to date from health care providers for injuries attributed to the incident totaling at minimum $298,2293.94, and number 8.7, describing her lost wages totaling $54,000 as of the date of her response, is the first document received by Walmart that revealed the amount in controversy Ruiz seeks to recover, served by mail on Walmart on January 6, 2020. Dkt. No. 1-5, Exh. E, Resp. Form Interrogatory Nos. 6.4, 8.7. Ruiz's responses to interrogatories constitute "other paper" for the purposes of the statute. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:    CV 20-1129 RAO                                      Date:    April 28, 2020
Title:          Reyna A. Ruiz v. Walmart Inc.


The first document Walmart received from Ruiz that provided an unequivocal statement that Ruiz is a citizen of California is her admission in response to Walmart's RFA number 45. Dkt. 1-6, Exh. F, Def.'s  RFA No. 45 ("Admit YOU are a citizen of California."); *Id.*, Pl.'s Resp. RFA No. 45 ("Admit").   Walmart's RFA number 46 establishes Ruiz's intent to remain in California.  *Id.*, Def.'s  RFA No. 46 ("Admit YOU do not have definitive plans to move out of California."); *Id.*, Pl.'s Resp. RFA No. 46 ("Admit").  Ruiz's responses to Walmart's RFAs were served by mail on January 6, 2020.

The Court notes it is unlikely that Walmart received Ruiz's responses on the same date they were served by mail, and that it is the date of their receipt that triggers the thirty-day clock, not the date on which they were served.  *See* 28 U.S.C.A. § 1446(b)(3) (West 2020)*.*  However, even assuming Walmart received Ruiz's responses the same day they were served, January 6, 2020, Walmart filed the Notice of Removal twenty-eight calendar days later, on February 4, 2020.  Dkt. Nos. 1-5; 1.  On this basis, Walmart's Notice of Removal is proper and timely.

**III.     CONCLUSION**

For the reasons set forth above, Ruiz's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

                                                                                            _____ : _____
                                                                Initials of Preparer        dl