Andrew L. Ellis, Esq. State Bar # 167091
ELLIS LAW CORPORATION
2230 E. MAPLE AVE.
EL SEGUNDO, CA 90245
Telephone: (310) 641-3335
Email: aellis@alelaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNA A. RUIZ, an Individual,<br><br>          Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware Corporation; and DOES 1 to 50, Inclusive,<br><br>          Defendant. | CASE NO.: 2:20-cv-01129-RAO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #2** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Plaintiff Reyna Ruiz ("Plaintiff") hereby opposes Defendant Walmart, Inc.'s ("Defendant") Motion in Limine No. 2 to exclude any evidence or argument regarding the golden rule or reptile theory. This Opposition is based on the following:

Defendant's Motion does not seek to exclude a particular piece of evidence as is required in *Kelly v. New West Federal Savings* (1996) 49 Cal. App. 4th 659, 671. In addition, Defendant's Motion is an improper attempt to impose a "gag order" on Plaintiff's counsel and dictate the way in which they should try their own case before this Court. This Opposition is further based upon the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and upon such argument and evidence as may be presented prior to or at the hearing of this matter.

Dated: October 13, 2021                      **ELLIS LAW CORPORATION**

                                             By: /s/ Alyson T. Marchiondo
                                             Andrew L. Ellis, Esq.
                                             Alyson T. Marchiondo, Esq.
                                             Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant asks this Court to impose arbitrary limits on the manner in which Plaintiff presents her case. First, Defendant's Motion is improper as a matter of law according to *Kelly v. New West* as it does not identify *evidence* to be excluded – therefore, the Court cannot, as a matter of law, grant this Motion. Second, Plaintiff's counsel has never given any indication [and never would] that they will violate the "golden rule" argument at any time. Third, "Reptile Theory", whatever that may include, does not violate the golden rule argument.

Defendant disapproves of methods used by plaintiffs' attorneys by utilizing skills they learned in their ongoing education. Plaintiff could no more ask this Court to exclude general defense strategies recommended in a recent defense lawyer's CLE or convention, such as "muddy the waters," and "slander the plaintiff." In essence, Defendant is asking for a gag order, circumventing Plaintiff's ability at effective advocacy which is wholly improper.

## II. LEGAL STANDARD

Trial judges enjoy "'broad authority'" over the admission and exclusion of evidence. (*Greer v. Buzgheia* (2006) 141 Cal. App. 4th 1150, 1156 (*Greer*) (citing *Peat, Marwick, Mitchell & Co. v. Superior Court* (1988) 200 Cal. App. 3d 272, 288.)) The motion in limine is not expressly authorized by statute, but is within the

trial court's "'inherent power to entertain and grant.' [Citation.] 'The scope of such motion is any kind of evidence which could be objected to at trial, either as irrelevant or subject to discretionary exclusion as unduly prejudicial.' [Citation.] Its purpose is to avoid the unfairness caused by the presentation of prejudicial or objectionable evidence to the jury, and the 'obviously futile attempt to "unring the bell."'" *Id*.

## III. ARGUMENT

### A. Defendant's Motion in Limine Must be Denied as a Matter of Law Because a Motion in Limine is Not the Proper Device to Exclude Trial Strategy.

A motion in limine must identify *evidence* it seeks to exclude and be supported with an "expressed belief" that the *evidence* will attempt to be proffered at the time of trial. *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4th 659, 670-71. This is not a new standard. Defendant's Motion in Limine mentions many *things* attempted to be excluded, not *evidence, e.g.* Plaintiff's counsel's questions in voir dire, examination of witnesses and during opening statements and closing arguments.

As this Court knows, and often instructs to juries, ***nothing that comes out of counsel's mouth is evidence.*** CACI 3925 is titled "Arguments of Counsel Not Evidence…" and states in part:

"The arguments of the attorneys are not evidence of damages…"

CACI 106, titled "Evidence" states in part:

2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY
EVIDENCE OR ARGUMENT REGARDING THE GOLDEN RULE OR REPTILE THEORY

> "What the attorneys say during the trial is not evidence.
> "In their opening statements and closing arguments, the attorneys will talk to you about the law and the evidence. What the lawyers say may help you understand the law and the evidence, but their statements and arguments are not evidence. The attorneys' questions are not evidence. Only the witnesses' answers are evidence..."

Motions *in* limine are a commonly used tool of trial advocacy and management in a civil case. Such motions are generally brought at the beginning of trial. The usual purpose of motions in limine is to preclude the presentation of evidence deemed inadmissible and prejudicial by the moving party. A typical order on a motion in limine excludes the challenged evidence and directs counsel, parties, and witnesses not to refer to the excluded matters during trial. *Kelly* at 669 – 679, (citation omitted). *R& B Auto Center*, in relying on *Kelly v. New West Federal Savings* and its progeny, the 4th Appellate District noted that there has been an "increasingly improper use of motions in limine. . . ." *R& B Auto Center* (4th Dist. 2006) 140 Cal. App. 4th 327 at 371. As the Court in *R &B Auto Center* noted: "[M]otions in limine deal with evidence. May this particular document be admitted? May an expert witness testify to certain facts or conclusions?" *Id.* at 372. [emphasis added].

The fatal flaw in Defendant's Motion is that it does not focus on evidence or argument that will allegedly be delivered. Instead, Defendant's Motion seeks to restrict how Plaintiff's counsel allegedly practices law, and develops trial strategy, including how to handle various phases of trial for this case, and control what phases

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY EVIDENCE OR ARGUMENT REGARDING THE GOLDEN RULE OR REPTILE THEORY

and/or arguments can and cannot be used by Plaintiff's counsel at trial. Defendant's argument is based upon mischaracterizing a trial advocacy book titled Reptile: The 2009 Manual of the Plaintiff's Revolution. However, jury trials in California are not governed by a trial advocacy book or by the speculation of a trial attorney's thought process or abstract strategies. Instead, jury trials are governed by the California Rules of Evidence and the Code of Civil Procedure, the evidence and testimony at trial, and the law as provided to the jury by the Judge.

### C. "Reptile Theory" Does not Violate the Golden Rule Argument and is Not Improper

Plaintiff's counsel does not seek to violate the golden rule argument. Plaintiff's counsel also does not tailor their arguments to anything other than their experience as a trial lawyers seeking to advance the goals in tort-law.

#### i. Counsel for all parties have wide latitude to persuade the Jury

Banning arguments to a jury is contrary to California law. To the contrary, counsel must be given wide latitude to discuss the merits of a case, and only the most persuasive reasons justify handcuffing attorneys in the exercise of their advocacy. *Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 781.

#### ii. Advocating for the safest conduct as reasonable care is not a "golden rule" argument

Over 140 years ago, the United States Supreme Court recognized that the jury is the conscience of the community. Though it did not use that phrase, it adopted the philosophy that the jury is in the best position to determine what members of that community should expect from each other. *Railroad Co. v. Stout*, 84 U.S. (17 Wall.) 657, 21 L.Ed. 745 (1873), affirming a judgment finding a railroad negligent in its maintenance of a turntable, which injured a child, reposed its trust in the jury to determine what safety it expects from the companies operating in the community:

> Twelve men of the average of the community, comprising men of education and men of little education, men of learning and men whose learning consists only in what they have themselves seen and heard, the merchant, the mechanic, the farmer, the laborer; these sit together, consult, apply their separate experience of the affairs of life to the facts proven, and draw a unanimous conclusion. This average judgment thus given it is the great effort of the law to obtain. It is assumed that twelve men know more of the common affairs of life than does one man, *that they can draw wiser and safer conclusions* from admitted facts thus occurring than can a single judge.

*Railroad Co.*, 84 U.S. (17 Wall.) at 663-664 (emphasis added).

Justice Mosk, in his concurring opinion in *Ballard v. Uribe* (1986), 41 Cal.3d 564, expressed the same philosophy and did characterize it with the now familiar shorthand, the "conscience of the community":

> A jury has also been frequently described as "the conscience of the community." . . . In addition,

5
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY
EVIDENCE OR ARGUMENT REGARDING THE GOLDEN RULE OR REPTILE THEORY

> courts have long recognized that in our heterogeneous society jurors will inevitably belong to diverse and often overlapping groups defined by race, religion, ethnic or national origin, sex, age, education, occupation, economic condition, place of residence, and political affiliation . . . .. The very purpose of the right to trial by a jury drawn from a representative cross-section of the community is to achieve an overall impartiality by allowing the interaction of the diverse beliefs and values the jurors bring from their group experiences.

*Ballard*, 41 Cal.3d at 577, (J. Mosk, con.) (citations and internal quotations omitted).

While direct appeals to self-interest of jurors are limited, *Du Jardin v. Oxnard* (1995) 38 Cal.App.4th 174, 179 (action against municipality), **it is not improper to advocate safety as the reasonable standard of care to be expected of all people.** It is undoubtedly true that, if all individuals and companies considered safety first, a community and all of the people living in it (including members of a jury pool) would be safer as well. Juries are supposed to speak for the community when they are asked to decide what behavior is reasonable—that is, what behavior members of the community reasonably should expect from each other. That does not mean that an argument that advocates the safest choice (whatever that might be, and counsel might disagree) is an appeal to self-interest.

Defendant is asking the Honorable Court to tie Plaintiffs' hands and cover their mouth. The legislative intent behind every California law is to protect the safety and wellbeing of the community. So is the case here.

The jury is made up of our community. It determines the values and rules our society must abide by. As Justice William C. Goodle stated:

> [Juries] serve to inject <u>community values and standards</u> into the administration of our laws. Ordinary citizens are given the chance to infuse <u>community values</u> into the judicial process in the interests of fairness and justice and at the same time provide a signal to lawmakers that they have drifted too far from the Democratic will.

(emphasis added). Just as juries inject community values into the administration of our laws, so do attorneys argue on behalf of those values. The attorneys in this case – both sides – must be permitted to do so. As such, Defendant's request for a gag order must be denied.

**D. It is Not a Violation of the "Golden Rule" To Remind a Jury of Its Role and Goal in Tort Law**

It is not improper argument to the jury to remind it, or even to encourage it, to live up to the role that the law already acknowledges for its existence. The Golden Rule prohibition cannot include arguments about the unreasonableness of the defendants' choices, even if the implications of that argument are that, with different choices, the entire community will be safer. The Golden Rule argument asks the jurors to place themselves in the position of the plaintiff and ask themselves how much money they would want to suffer the injuries that the plaintiff has suffered. The argument is improper because "[h]ow others would feel if placed in the plaintiff's

7

position is irrelevant." (*Cassim*, 33 Cal.4th at 797 n.4.). Reminding the jury that it speaks for the community when it determines what is reasonable conduct, or how an injury should be compensated, does not violate the "Golden Rule".

The right of counsel to discuss the merits of his case is very wide, including stating views as to what the evidence shows and conclusions drawn. Even if the reasoning is faulty and illogical. (*People v. Beivelman* (1968) 70 Cal.2d 60, 76-77.). The proper recourse for opposing counsel is *to counter argue* if they believe an argument is illogical. (*People v. Valencia* (2008) 43 Cal.4th 268, 284). There is no authority that an attorney's oratorical eloquence is grounds for banning their argument. (*Id.*).

## IV. CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the instant Motion in Limine be denied.

Dated: October 13, 2021                                **ELLIS LAW CORPORATION**

/s/ Alyson T. Marchiondo
Andrew L. Ellis
Alyson T. Marchiondo
Attorneys for Plaintiff

## PROOF OF SERVICE

STATE OF CALIFORNIA ) 
                               )ss 
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2230 E. Maple Ave., El Segundo, CA 90245

On October 13, 2021, I served the following documents described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2**

on the interested parties in this action by placing [X] a true copy thereof enclosed in a sealed envelope addressed as follows:

**Andrew O. Smith**
Rebecca N. Herman
Pettit, Kohn, Ingrassia, Lutz & Dolin, PC
5901 W. Century Blvd, Suite 1100
Los Angeles, CA 90045
Tel. (310) 649-5772
Fax (310) 649-5777
**(Attorneys for Defendant Walmart, Inc.)**

Andrew N. Kohn
Pettit Kohn Ingrassia Lutz & Dolon, PC
11622 El Camino Real, Suite 300
San Diego, CA 92130
tel. (858) 755-8500

[ ]   BY MAIL I am readily familiar with the firm's business practice of collection and processing of correspondence for mailing with the United States Postal Service and said correspondence is deposited with the United States Postal Service the same day.

[X]   ONLY BY ELECTRONIC TRANSMISSION. Only by e-mailing the document(s) to the persons at the e-mail address(es) below. This is necessitated during the declared national emergency due to the Coronavirus (COVID-19) pandemic because staff in this office is working remotely, and is unable to send physical mail as usual. Therefore, the document(s) referenced above is/are served only by using electronic mail. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the national emergency.

rherman@PettitKohn.com: clieng@PettitKohn.com: akohn@pettitkohn.com

Executed on October 13, 2021, in El Segundo, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Rose Galvan*
Rose Galvan

Ruiz v. Walmart
File #209251